IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CALVIN D. JONES, JR.,
# 19493-076                                                                                          PLAINTIFF

V.                                                          CIVIL ACTION NO. 5:09cv216-DCB-MTP

FEDERAL BUREAU OF PRISONS                                                                DEFENDANT

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment [17]. Having considered the defendant's motion, along with Petitioner's Response [21], all other documents made a part of the record of this case and the applicable law, the undersigned recommends that the defendant's motion be granted and that this case be dismissed with prejudice.

Petitioner, Calvin Jones ("Jones"), is currently serving a 151 month sentence after being convicted of Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(A)(1). Motion [17], Ex. 1 at 2. Jones was sentenced by the United States District Court for the Western District of Tennessee and originally incarcerated at the Federal Correctional Institution in Memphis, Tennessee. *Id.*; Reply [21] at 1. Petitioner's projected release date is March 11, 2015. *Id.* At the time he filed this matter, Jones was housed at the Federal Correctional Complex in Yazoo City, Mississippi.[1]

The petitioner, proceeding *in forma pauperis* and *pro se*, filed the instant action pursuant to the Privacy Act, 5 U.S.C. § 552a, against the Federal Bureau of Prisons ("BOP") on December

---

[1]Petitioner is now housed at the Federal Correctional Institution in Herlong, California, per Change of Address [22].

1

22, 2009.[2]  All of Jones' allegations stem from information concerning a juvenile rape offense contained in his Central File and included in a Presentence Investigation Report ("PSR") dated February 2, 2005.  *See* Complaint [1]; Motion [17], Ex. 4.  Specifically, Petitioner complains that his juvenile records should have been sealed, but were erroneously included in the PSR, which led to his designation as a sex offender and negatively impacted his custody and security classification, as well as job assignments and the ability to earn Good Conduct Time ("GCT").  Complaint [1] at p. 6 of 10.  Petitioner further alleges that he was not given proper notice of his status as a sex offender pursuant to 18 U.S.C. § 4042(c).  *Id.*  Additionally, Jones complains that his wife divorced him due to being sent a copy of the PSR in July and August of 2004.  *Id.*  As a result of the alleged improper conduct by the BOP, Petitioner seeks Five Million Dollars ($5,000,000.00), the correction of his Central File (including Presentence Investigation Report, Security Designation Form, Custody Classification Form and Statement of Reason Form) and a transfer to the FCI Memphis Satellite Camp in Millington, Tennessee.  *Id.* at p. 10 of 10.

The defendant has moved to dismiss Petitioner's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), or alternatively, for summary judgment in its favor pursuant to Fed. R. Civ. P. 56, based on the following grounds: 1) the BOP is exempt from the relevant provisions of the Privacy Act; 2) 18 U.S.C. § 4042(c) is not applicable in this instance; and 3) Jones' claim pertaining to his ex-wife is barred by the applicable statute of limitations.  *See* Memo. [18].

## STANDARD

The defendant has submitted matters outside the pleadings with its Motion to Dismiss or, in the Alternative, for Summary Judgment [12], thus, the motion should be characterized as a motion for summary judgment.  *See* Fed. R. Civ. P. 12(b); *Young v. Biggers*, 938 F.2d 565, 568

---

[2]Although the plaintiff named several other defendants in his Complaint, all defendants except for the BOP were dismissed with prejudice by court order [8] on March 10, 2010.

2

(5th Cir. 1991). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). "A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Id.*

ANALYSIS

Privacy Act - 5 U.S.C. § 552a

Jones maintains that his juvenile records (specifically the aggravated rape charge) should have been sealed and not used for purposes of his PSR.[3] Complaint [1] at p. 8 of 10. Petitioner further alleges that the inclusion of the juvenile records in his file is a violation of the Privacy Act. *Id.* The Privacy Act, 5 U.S.C. § 552a ("the Act"), was enacted to ensure that agencies of the federal government maintain accurate records. According to the Act, the BOP must "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5).

An individual may bring suit against the BOP for violation of the Act when it fails to comply with any provision of section 552a, and the failure has an adverse effect on the

---

[3]*See U.S. v. Jones*, 250 F.3d 739, 2001 WL 274142, at *1 (5th Cir. 2001) (holding that the court was entitled to rely on the information in the presentence report pertaining to Jones' prior juvenile convictions). *See also U.S. v. Hamilton*, 211 F.3d 593, 2000 WL 329078, at *1 (5th Cir. 2000) (finding it appropriate for court to rely on juvenile arrests included in presentence report).

3

individual. *See* 5 U.S.C. § 552a(g)(1). However, 5 U.S.C. § 552a(j)[4] allows agencies, such as the BOP, to enact rules to exempt records from certain provisions of the Act.

Jones appears to seek relief under sections 552a(e)(5), 552a(g), and 552a(d) of the Act.[5]

---

[4]This section provides in part:

**(j) General exemptions**.--The head of any agency may promulgate rules . . . to exempt any system of records within the agency from any part of this section . . . [with certain exceptions] . . . if the system of records is–

. . .

**(2)** maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including police efforts to prevent, control, or reduce crime or to apprehend criminals, and the activities of prosecutors, courts, correctional, probation, pardon, or parole authorities, and which consists of (A) information compiled for the purpose of identifying individual criminal offenders and alleged offenders and consisting only of identifying data and notations of arrests, the nature and disposition of criminal charges, sentencing, confinement, release, and parole and probation status; (B) information compiled for the purpose of a criminal investigation, including reports of informants and investigators, and associated with an identifiable individual; or (C) reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision.

At the time rules are adopted under this subsection, the agency shall include in the statement required under section 553(c) of this title, the reasons why the system of records is to be exempted from a provision of this section.

5 U.S.C. § 552a(j).

[5]Subsection (d) provides in part:

**(d) Access to records.**--Each agency that maintains a system of records shall--

**(1)** upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him and upon his request, a person of his own choosing to accompany him, to review the record and have a copy made of all or any portion thereof in a form comprehensible to him, except that the agency may require the individual to furnish a written statement authorizing discussion of that individual's record in the accompanying person's presence;

**(2)** permit the individual to request amendment of a record pertaining to him and--

**(A)** not later than 10 days (excluding Saturdays, Sundays, and legal public

In this instance, pursuant to section 552a(j), the BOP has exempted the documents in its Inmate Central Record System from the Act. Specifically, subsection (a)(4) of 28 C.F.R. § 16.97 states that the BOP's Inmate Central Record System is exempt from subsections (d) and (g) of the Act. *See* 28 C.F.R. § 16.97(a)(4). Subsection (j) of 28 C.F.R. § 16.97 states that the BOP's Inmate Central Record System is likewise exempt from subsection (e)(5) of the Privacy Act. *See* 28 C.F.R. § 16.97(j).

The rationale behind the exemption of the BOP's Inmate Central Record System from the accuracy requirements set forth in subsection (e)(5) of the Act is set forth as follows:

in the collection and maintenance of information for law

---

holidays) after the date of receipt of such request, acknowledge in writing such receipt; and

**(B)** promptly, either--

**(i)** make any correction of any portion thereof which the individual believes is not accurate, relevant, timely, or complete; or

**(ii)** inform the individual of its refusal to amend the record in accordance with his request, the reason for the refusal, the procedures established by the agency for the individual to request a review of that refusal by the head of the agency or an officer designated by the head of the agency, and the name and business address of that official;

**(3)** permit the individual who disagrees with the refusal of the agency to amend his record to request a review of such refusal, and not later than 30 days (excluding Saturdays, Sundays, and legal public holidays) from the date on which the individual requests such review, complete such review and make a final determination unless, for good cause shown, the head of the agency extends such 30-day period; and if, after his review, the reviewing official also refuses to amend the record in accordance with the request, permit the individual to file with the agency a concise statement setting forth the reasons for his disagreement with the refusal of the agency, and notify the individual of the provisions for judicial review of the reviewing official's determination under subsection (g)(1)(A) of this section . . . .

5 U.S.C. § 552a(d).

5

> enforcement purposes, it is impossible to determine in advance
> what information is accurate, relevant, timely and complete. . . .
> The restrictions of subsection (e)(5) would restrict and delay
> trained correctional mangers from timely exercising their judgment
> in managing the inmate population and providing for the safety and
> security of the prisons and the public.

28 C.F.R. § 16.97(k). Thus, the BOP's Central Inmate Record System, which contains the records at issue, is exempted from the provisions of the Privacy Act under which Jones seeks relief in order to maintain "the safety and security of the prisons and the public." *See McClellan v. Bureau of Prisons*, No. 5:05cv194, 2006 WL 2711631, at *5 (S.D. Miss. August 2, 2006) (stating that the exemptions set forth in 28 C.F.R. § 16.97 exempt the BOP's Central Inmate Record System from subsection (e)(5) of the Privacy Act; therefore the exemption bars plaintiff's suit against the BOP for either injunctive or monetary relief) (adopted by Order dated September 19, 2006). *See also Reuter v. Bureau of Prisons*, No. C-06-00259, 2007 WL 1521544, at *5 (S.D. Tex. May 24, 2007) (stating that "according to 28 C.F.R. § 16.97(a), the Privacy Act specifically exempts the Inmate Central Record System from having to remove or change information in an inmate's file").

Notwithstanding the fact that Petitioner is not entitled to relief under the Privacy Act because of the exemptions discussed above, the defendant's motion should be granted because an inmate enjoys no constitutionally-protected interest to be housed in a particular facility. *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996) (citing *Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983)); 18 U.S.C. § 3621(b) (vesting the BOP with the discretion to determine an inmate's place of imprisonment).[6] Moreover, an inmate has no protected liberty interest in his security classification. *See Wilkerson v. Stalder*, 329 F.3d

---

[6]Because the court finds that the defendant is entitled to judgment as a matter of law on the grounds stated above, the court does not reach the remaining arguments asserted by the defendant.

431, 435-36 (5th Cir. 2003) (stating that the Fifth Circuit "has continued to hold post-*Sandin*[7] that an inmate has no protectable liberty interest in his classification"). Additionally, Jones has no protected liberty or property interest in being assigned a particular job. *Jackson v. Cain*, 864 F.2d 1235, 1250 (5th Cir. 1989). Thus, the defendant is correct in its assertion that the petitioner is not entitled to monetary or injunctive relief based on a violation of the Privacy Act.[8]

Applicability of 18 U.S.C. § 4042(c)

Jones also alleges that his designation as a sex offender gives rise to a notice requirement under 18 U.S.C. § 4042(c) which was not complied with by the BOP. Complaint [1] at p. 6 of 10. However, Petitioner has misinterpreted the statute, which, in relevant part, states: "The Director of the Bureau of Prisons shall inform a person who is released from prison and required to register under the Sex Offender Registration and Notification Act of the requirements of that Act as they apply to that person. . ." 18 U.S.C. § 4042(c)(3). Additionally, law enforcement personnel and the State or local agency in charge of sex offender registration are to be notified in the event an offender is released by the BOP. 18 U.S.C. § 4042(c)(1). In this instance, as Jones has not been released by the BOP, there is no applicable duty of notification to either Jones or law enforcement personnel as set forth in 18 U.S.C. § 4042(c). Thus, there is no merit to this claim.

---

[7] *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (stating that liberty interests protected by the Due Process Clause are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

[8] While 28 C.F.R. § 16.97(k) provides that the exemptions applicable to 5 U.S.C. § 552a(e)(5) may be waived, the plaintiff has not asserted that such exemptions have been or should be waived by the BOP, and the exemptions have not been expressly waived by the BOP. *See* 28 C.F.R. § 16.97(k).

Claim of PSR Being Sent to Jones' Ex-Wife

Jones further alleges that his wife divorced him because the PSR listing him as a sex offender was mailed to her on July 23, 2004 and August 16, 2004. Complaint [1] at p. 6 of 10. However, he has provided no proof whatsoever regarding this allegation as is required to overcome Defendant's motion for summary judgment. Further, it is unclear how Jones' wife could have been sent a copy of the PSR in July and August 2004 as alleged because the PSR was not completed until February 2, 2005. *See* Motion [17], Ex. 4. However, to the extent this claim stems from an event which Petitioner says occurred in 2004, the claim is barred by the two-year statute of limitations. *See* 5 U.S.C. § 552a(g)(5). *See also Perry v. Bureau of Prisons*, No. 04-1949, 2005 WL 1902823, at *1 (D.D.C. July 19, 2005) (holding that where inmate brought action under 5 U.S.C. § 552a for allegedly failing to correct information in his inmate file, his claim was barred by the two-year statute of limitations because he knew of the alleged inaccuracy more than four (4) years before filing suit).

## RECOMMENDATION

It is the recommendation of this court that the Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment [17] should be granted, and that this action should be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed

findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 21st day of July, 2010.

                                                                    s/Michael T. Parker
                                                                   United States Magistrate Judge