IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CALVIN D. JONES, JR. #19493-076                                                PETITIONER

VERSUS                                    CIVIL ACTION NO. 5:09-cv-216-DCB-MTP

FEDERAL BUREAU OF PRISONS                                                      RESPONDENT

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation of July 21, 2010 [docket entry no. 23]. Therein, Judge Parker recommends that the Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment [docket entry no. 17] be granted and that the *pro se* complaint of Calvin Jones be dismissed with prejudice. Having reviewed the Defendant's Motion, the Report and Recommendation, the Petitioner's objections thereto, and applicable statutory and case law, this Court finds and orders as follows:

Petitioner, Calvin Jones, is currently serving a 151-month sentence after being convicted in the United States District Court for the Western District of Tennessee for Possession with Intent to Distribute a Controlled Substance. He asserts claims under the Privacy Act, 5 U.S.C. § 552a, against the Federal Bureau of Prisons ("BOP") related to a juvenile rape charge included in his Presentence Investigation Report ("PSR") that was

maintained in the BOP's Inmate Central Records System. Petitioner complains that his juvenile record should have been sealed and was erroneously included in his PSR which led to his designation as a sex offender and negatively impacted his custody and security classification in prison. He also alleges he was not given proper notice of being a sex offender and that his wife divorced him as a result of being sent a copy of the PSR in July and August 2004.

Magistrate Judge Roper granted the Defendant's Motion as to the Petitioner's Privacy Act claims because the Act allows agencies such as the BOP to exempt themselves from certain provisions and the BOP has done so with respect to its Inmate Central Record System, in which Petitioner's PSR is maintained. 28 C.F.R. § 16.97(a)(4); McClellan v. Bureau of Prisons, 2006 WL 2711631 (S.D. Miss. Aug. 2, 2006). Accordingly, Judge Roper held that Petitioner had no claim against the BOP for a violation of the Privacy Act. Further, even if the Privacy Act were applicable to the BOP's Central Record System, Judge Roper determined that the Petitioner's claim has no merit because inmates have no constitutionally protected interest in being housed in a particular facility, in their security classifications, or in being assigned a particular job. Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (facility); Wilkerson v.

Stalder, 329 F.3d 431, 435-36 (5th Cir. 2003) (classification); Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir. 1989) (job).

With respect to Petitioner's claim that he was not given proper notice of his designation as a sex offender under 18 U.S.C. 4042(c), Judge Roper determined that the statute required the BOP to inform a person *being released* from prison to register as a sex offender and because Petitioner is still incarcerated, his claim has no merit. With respect to Petitioner's claim that the BOP mailed his PSR to Petitioner's wife in 2004 which caused her to divorce him, Judge Roper determined that Petitioner had submitted no proof that the PSR was the cause of his divorce but that even if he had, such a claim was time-barred by the two-year statute of limitations set forth in 5 U.S.C. § 552a(g)(5).

Petitioner now objects to Judge Roper's Report and Recommendation, largely reiterating the claims made in his complaint. With respect to Petitioner's claim under the Privacy Act, this Court agrees that the BOP's Inmate Record System is exempt from the Act and that even if it were not, Petitioner has no protected liberty interest in being housed in a particular facility, in his security classification, or in being assigned a particular job. This Court further agrees that Petitioner has no claim under 18 U.S.C. § 4042(c) with regard to his status as a sex offender because he has not yet been released from prison.

To the extent that Petitioner makes arguments related to the sentence he received as a result of the juvenile charge being included erroneously in the PSR, such an argument should have been raised before he was sentenced and will not be considered in the context of this civil action.

With respect to Petitioner's wife allegedly divorcing him after receiving the PSR in 2004, Petitioner now argues that he was not aware of the inclusion of his juvenile charge in his PSR until 2008 and thus that his claim should not be time-barred. But Petitioner's complaint contradicts the timeline he now describes because it states that he began pursuing his administrative remedies with respect to the PSR in 2006 and thus he must have known no later than 2006 that his PSR included the juvenile charge.  Moreover, the relevant statute of limitations for the Privacy Act allows for tolling due to the plaintiff's late discovery of a claim only where the defendant agency "has materially and willfully misrepresented any information" required to be disclosed under the Act.  5 U.S.C. § 522a(g)(5). Petitioner has not alleged such willful misrepresentation by the BOP and therefore, his claim is time barred regardless of when he discovered it.

After a <u>de novo</u> review of the Magistrate Judge's Report and Recommendation and a review of the Petitioner's objections, this

4

Court is unable to find any error with the Magistrate Judge's findings. This Court is satisfied that the Magistrate Judge has undertaken an extensive examination of the issues in this case and has issued a thorough opinion. Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation [docket entry no. 23] is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Petitioner's objections [docket entry no. 24] to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

**SO ORDERED**, this the 4th day of February 2011.

                                    s/ David Bramlette
                                  **UNITED STATES DISTRICT JUDGE**